## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK TOMLINSON, | ) | Case No. 4:23-cv-00007 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| FERNANDO GARZA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Petitioner Mark Tomlinson, a *pro se* federal prisoner, filed a petition for a writ
of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  He requests that the
Court grant him earned-time credits pursuant to the First Step Act and order
Respondent to re-calculate his date of eligibility for early release to supervision.
Specifically, Petitioner challenges the Bureau of Prison's enforcement of Program
Statement 5410.01, which prohibits inmates "with an unresolved immigration status"
from applying credits under the First Step Act to determine the date on which they
are eligible for early release to supervision.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Mark Tomlinson is serving a 192-month term of imprisonment at
the Federal Correctional Institution at Elkton in Lisbon, Ohio for conspiracy and
possession with intent to distribute controlled substances.  (ECF No. 1-3, PageID #18;
*see* Judgment, *United States v. Tomlinson*, No. 1:10-cr-00521-4 (N.D. Ga. Apr. 27,
2015).)  Following his term of imprisonment, Petitioner will serve five years of

supervised release.  *Id.*  Petitioner's current projected release date is December 14, 2027.  (ECF No. 1-2, PageID #14.)

On November 21, 2022, Mr. Tomlinson sought earned-time credits under the First Step Act by filing a request for administrative remedy at FCI Elkton.  (ECF No. 1-1, PageID #12.)  On November 25, 2022, Mr. Tomlinson's unit manager denied his request because Mr. Tomlinson "ha[s] a detainer."  (*Id.*)  Mr. Tomlinson timely appealed the decision.  (*Id.*, PageID #11.)  Respondent, the warden, denied the appeal.  (*Id.*, PageID #10.)   Respondent explained that BOP Program Statement 5410.01, "First Step Act of 2018 – Time Credits:  Procedures for Implementation of 18 U.S.C. § 3632(d)(4)," prohibits the Bureau from applying Mr. Tomlinson's First Step Act Credits to early transfer to supervised release because he has "a detainer for possible deportation . . . lodged  by  Immigration  and  Customs."   (*Id.*,  PageID #10.) Mr. Tomlinson  timely  appealed  the  decision  through  a  regional  administrative remedy appeal on December 22, 2022.  (*Id.*, PageID #9.)  That appeal remained pending when Mr. Tomlinson filed this habeas petition.

Petitioner requests a hearing and an Order instructing Respondent "to award the appropriate relief in the form of early transfer to supervised release independent as to whether" he has an immigration detainer.  (ECF No. 1, PageID #6.)  Further, he requests that the Court excuse his failure to exhaust his administrative appeals with the Bureau of Prisons on the ground that they are futile.

On April 14, 2023, by Court Order (ECF No. 2), the Clerk served Respondent and the Office of the United States Attorney for the Northern District of Ohio. Respondent has not answered the petition.

## ANALYSIS

### I.  Mootness

The Court can only adjudicate actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)). Under Rule 12(h), "[i]f the Court determines at any time that it lacks subject matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h).

After Mr. Tomlinson filed his petition, the Bureau of Prisons amended its procedures for implementing the First Step Act, 18 U.S.C. § 3632(d)(4). *See* Change Notice, No. 5410.01 CN-1, U.S. Dep't of Justice, Federal Bureau of Prisons (Feb. 6, 2023) (available at https://www.bop.gov/policy/progstat/5410.01_cn.pdf). The amendment eliminates the "unresolved immigration status" language that served as the basis for the Bureau's refusal to grant Mr. Tomlinson time credits under the First Step Act and revised the Bureau's procedure for calculating time credits under the First Step Act generally. (*Id.*) Now, only inmates who are the subject of a final order of removal under immigration laws are subject to this exclusion. (*Id.*; *see also* ECF No. 1-1, PageID #10.) For this reason, the particular dispute Petitioner raises concerning denial of his earned-time credits because of his "unresolved immigration status" no longer presents an active case or controversy.

3

## II.     Exhaustion

Under Section 2241, federal prisoners must exhaust their available administrative remedies before filing a petition for a writ of habeas corpus.  *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).  However, an incarcerated person's failure to exhaust may be excused if administrative remedies are not reasonably available.  Still, the Sixth Circuit requires those in prison to make "some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable."  *Naiper v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (citations omitted).  "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies. . . ."  *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).  In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review.  *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 232 (6th Cir. 2006).

Exhaustion is an affirmative defense.  However, in his petition Mr. Tomlinson acknowledges that he has not exhausted his administrative remedies.  (ECF No. 1-3, PageID #26–28.)  He asks the Court to excuse his nonfailure to exhaust on the ground that further administrative appeals of a nationwide policy would be futile.  (*Id.*)  In fact, however, the policy has changed.  That fact demonstrates the point of the exhaustion requirement and provides an additional ground to deny the petition.

### CONCLUSION

For these reasons, the Court **DISMISSES** the petition.

**SO ORDERED.**

4

Dated:  June 26, 2023

_____
          J. Philip Calabrese
          United States District Judge
          Northern District of Ohio